**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas King; Mandy King, | No. CV-11-2392-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of America, | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 8), plaintiffs' response (doc. 10), defendant's reply (doc. 12), and plaintiffs' motion for hearing (doc. 11). Because resolution of this motion would not be aided by a hearing, plaintiffs' motion for hearing is denied (doc. 11).

In 2005, plaintiffs borrowed $175,000 from defendant in order to purchase an undeveloped piece of real property in Payson, Arizona. They claim that since that time the value of the property securing the loan has diminished and is now worth far less than the amount they currently owe on the loan. Plaintiffs have remained current on their loan obligation.

Plaintiffs filed this action asserting claims for (1) fraudulent misrepresentation, (2) unjust enrichment, and (3) quiet title, seeking an order compelling defendant to transfer legal title in the property to plaintiffs and a declaration that defendant has no title or interest in the

property.

In their claim for fraudulent misrepresentation, plaintiffs appear to claim that defendant failed to inform them that their loan would be sold and securitized, and that therefore they are entitled to have title in the property conveyed to them. This claims fails for several reasons. First, the claim for fraudulent misrepresentation fails to satisfy Rule 9(b), Fed. R. Civ. P., which requires that fraud claims be pled with particularity. Second, as this court has previously noted, the securitization of mortgages is a permissible practice instituted by the federal government. See, e.g., Goodyke v. BNC Mortg., Inc., No. CV-09-0074-PHX-MHM, 2009 WL 2971086, at *2 (D. Ariz. Sept. 11, 2009) (rejecting plaintiff's claim that the process of securitizing mortgages is fraudulent or illegal). Finally, plaintiffs expressly agreed in their deed of trust that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Compl., ex. A, ¶ 20. For all of these reasons, we conclude that plaintiffs have failed to state a claim for fraudulent misrepresentation.

Plaintiffs also assert a claim for unjust enrichment. They appear to allege that their loan has already been "paid in full" by funds defendant may have received in the securitization process and therefore the defendant has been unjustly enriched. However, plaintiffs do not offer any support to show that they are entitled to an offset on their loan obligation because of this payment. Moreover, an action based on unjust enrichment is not available when an express, written contract, such as the deed of trust in the present case, governs the relationship of the parties. Brooks v. Valley Nat'l Bank, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976). And finally, a person is not entitled to the remedy of unjust enrichment where he has received the benefit of the bargain–in this case the loan proceeds. Id. We conclude that plaintiffs have failed to state a claim for unjust enrichment.

We also conclude that plaintiffs have failed to adequately state a quiet title claim. To quiet title, a plaintiff must allege that he possesses title to the property, that the defendant claims an adverse interest in the property, and that it would be inequitable to let the defendant's interest stand. A.R.S. § 12-1102; Kennedy v. Morrow, 77 Ariz. 152, 156, 268

1  P.2d 326, 329 (1954).  When there is an unsatisfied balance due to a defendant-mortgagee,
2  a party is not entitled to quiet title "until and unless he pays off such mortgage lien." <u>Farrell
3  v. West</u>, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941).  Plaintiffs do not assert that they have
4  paid off their mortgage and therefore quiet title is not an available remedy.

5      **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 8).
6      **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for hearing (doc. 11).
7      DATED this 8th day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge